**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  02-643-01** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMAL GOODMAN** | : | |

**<u>MEMORANDUM OPINION</u>**

**Savage, J.**                                                            **December 2, 2008**

Invoking the recent crack cocaine amendments to the Sentencing Guidelines, the defendant moves for a second reduction of his sentence pursuant to 18 U.S.C.§3582(c)(2).  Acknowledging that the amendment does apply, the government still opposes a further reduction because the defendant has already received a reduction in his sentence and he has a history of infractions while in jail.

Because the defendant received an earlier sentence that varied below the advisory sentencing guideline range does not bar application of Amendment 706, his sentence may be reduced again.  After recalculating the custodial guideline range pursuant to the crack cocaine amendment and considering the factors set forth in 18 U.S.C. §3553(a), I shall grant the defendant's motion and reduce his sentence of imprisonment to 134 months.

After a jury convicted the defendant of conspiracy to distribute cocaine base crack[1], two counts of possession with intent to distribute cocaine base crack[2],

---

[1] 21 U.S.C. §846

[2] 21 U.S.C. §841(a)(1)

distributing and possessing with an intent to distribute cocaine base crack within 1,000 feet of a school[3], possessing a firearm in furtherance of drug trafficking[4] and possessing a firearm by a convicted felon[5], he was sentenced to a prison term of 164 months.  The sentence was based upon a total offense level of 24 and a criminal history category of VI which set the guideline range at 100-125 months on the drug counts plus a mandatory consecutive 60 month sentence for the §924(c) violation.

While his timely *pro se* appeal was pending, the Court of Appeals for the Third Circuit remanded for resentencing in light of the Supreme Court's decision in *Booker v. United States*, 543 U.S. 220 (2005).  *United States v. Goodman*, 159 Fed. Appx. 360 (3d Cir. 2005).  Pursuant to the Third Circuit's mandate, a resentencing hearing was held on March 23, 2006.  After considering the sentencing guideline range together with all of the factors set forth in 18 U.S.C. §3553(a), I imposed a sentence of 144 months imprisonment.

The defendant again filed an appeal.  The Third Circuit limited the appeal to the legality of the sentence.  On April 13, 2007, the sentence was affirmed.

The defendant filed a *pro se* motion for reduction of sentence under 18 U.S.C. §3582(c)(2).  Counsel was appointed and filed an amended motion accompanied by a thorough memorandum of law.

Section 3582(c)(2) permits the reduction of a defendant's sentence where the sentence was "based on a sentencing range that has subsequently been lowered by

---

[3] 21 U.S.C. §860(a)

[4] 18 U.S.C. §924(c)(1)

[5] 18 U.S.C. §922(g)(1)

the Sentencing Commission . . . ". 18 U.S.C. §3582(c)(2); U.S.S.G.§1B1.10(a).  In

determining whether to reduce the sentence based on a retroactive amendment, the

court must consider the factors set forth in 18 U.S.C.§3553(a).

On November 1, 2007, the Sentencing Commission amended the Drug Quantity

Table set forth in §2D1.1 of the Sentencing Guidelines, reducing by two the offense

levels applied to crack cocaine offenses.  On December 11, 2007, in Amendment 706,

the Sentencing Commission made application of amended crack cocaine based

guidelines retroactive, effective March 3, 2008.

At the time of his resentencing on March 23, 2006, before the crack amendment,

the defendant's total offense level was 24, and his criminal history category was VI.

This total offense level and criminal history category yielded a guideline range of 100-

125 months on the drug counts.  The mandatory consecutive minimum 60 month

sentence for the §924(c) violation was unaffected.  Thus, the effective range was still

160-185 months.

Although the guideline range remained the same, it was no longer mandatory,

but advisory.  That guideline range was the starting point for the sentencing analysis

which included all of the factors set forth in 18 U.S.C. §3553(a).  Although the sentence

imposed varied from the range, it presupposed a total offense level that had been

calculated under the prior crack cocaine guidelines. Now, the guideline range may be

recalculated consistent with Amendment 706.  See U.S.S.G., Supplement to App. C,

Amend. 706.

Application of the crack cocaine amendment entails two steps.  First, the

sentencing court must recalculate the sentence by substituting the amended offense

level for the original one.  Second, using its discretion and considering the §3553(a)

factors, it must determine whether to reimpose or lower the original sentence.

In this case, applying the crack cocaine amendments, the recalculated total

offense level is 22.  With the criminal history category of VI which remains unchanged,

the sentencing guideline range is 84 - 105 months in prison to which is added a

mandatory consecutive sentence of 60 months.  As a result, the recalculated sentence

range is 144 -165 months.

The custodial sentence that had been imposed at his last resentencing was 144

months which is the bottom of the recalibrated guideline range.  The government

contends that the defendant is not entitled to any further reduction, arguing that he has

already gotten the benefit of a variance and his post-sentencing conduct militates

against any further reduction.

With respect to his prison record, he does have some infractions.  However, the

misconducts are not significant nor do they cause concern for public safety.  Although

his infractions should not be condoned, alone they are not substantial enough to deny a

reduction.  They are off-set by his having completed educational courses, and his

working in the plumbing and the recreation departments of the institution.  Thus,

although they will not prevent a reduction, the infractions may be considered in

determining the amount of the reduction.

The government's argument that the defendant has already received the benefit

of a variance ignores the fact that the sentencing analysis had been premised on the

sentencing guideline range as the starting point.  In other words, at the earlier

sentencing, the sentencing calculus factored in a different guideline range.  Now that

the total offense level has been reduced as a result of the crack cocaine amendment, the sentence may, but need not be, recalculated using the new sentencing range together with the other §3553(a) factors.  Nevertheless, reduction need not necessarily be a two level adjustment.  Indeed, the defendant is not entitled as of right to any reduction.

For all the reasons stated at the resentencing hearing of March 23, 2006, consideration of the §3553(a) factors, the defendant's unremarkable prison conduct, the newly calculated guideline range, and the absence of any evidence of a threat to public safety, the defendant's sentence shall be reduced to a term of 134 months.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  02-643-01** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMAL GOODMAN** | : | |
| **a/k/a "MADIK CLAYTON"** | : | |

## ORDER

     **AND NOW**, this 3rd day of December, 2008, upon consideration of the defendant's *pro se* Petition in Light of New Amendment Pursuant to Title 18 U.S.C. §3583(c)(2) (Document No. 138), the Motion of Defendant Jamal Goodman for Reduction of Sentence Pursuant to 18 U.S.C. §3583(c)(2) (Document No. 148) and the government's response, it is **ORDERED** that the motions are **GRANTED**.

     **IT IS FURTHER ORDERED** that the term of imprisonment of Jamal Goodman is reduced to 134 months, with all other terms and conditions of the original sentence to remain the same.

                                               ___/Timothy J. Savage_____
                                              TIMOTHY J. SAVAGE,  J.