IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  02-643-01 |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. 07-5489 |
| JAMAL GOODMAN | : | |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                            **February 5, 2009**

After a jury convicted the defendant of conspiracy to distribute cocaine base crack[1], two counts of possession with intent to distribute cocaine base crack[2], distributing and possessing with an intent to distribute cocaine base crack within 1,000 feet of a school[3], possessing a firearm in furtherance of drug trafficking[4] and possessing a firearm by a convicted felon[5], he was sentenced to a prison term of 164 months. While his timely *pro se* appeal was pending, the Court of Appeals for the Third Circuit remanded for resentencing in light of the Supreme Court's decision in *Booker v. United States*, 543 U.S. 220 (2005).  *United States v. Goodman*, 159 Fed. Appx. 360 (3d Cir. 2005).  Pursuant to the Third Circuit's mandate, a resentencing hearing was held on March 23, 2006, and a sentence of 144 months imprisonment was imposed.

---

[1] 21 U.S.C. §846

[2] 21 U.S.C. §841(a)(1)

[3] 21 U.S.C. §860(a)

[4] 18 U.S.C. §924(c)(1)

[5] 18 U.S.C. §922(g)(1)

The defendant again filed an appeal. The Third Circuit limited the appeal to the legality of the sentence. On April 13, 2007, the sentence was affirmed.

On December 4, 2008, acting upon the defendant's motion for reduction of sentence under 18 U.S.C. §3582(c)(2), the custodial sentence was reduced to 134 months. In the meantime, the defendant had filed a motion under 28 U.S.C. §2255.

The two claims that Goodman raises in his §2255 motion relate to the quantity of cocaine that he contends was essential to his conviction and sentence. First, he argues that the government did not prove at trial the amount of crack cocaine he possessed and distributed. Second, his trial counsel was ineffective for failing to object to the drug quantity at his initial sentencing hearing.

Goodman does not assert that the quantity of crack cocaine was less than two grams. Instead, he argues that the government failed to prove that it was more than two grams. The indictment charged him with possessing crack cocaine, but did not allege a specific quantity. Because the drug quantity was not an issue at trial, the government did not have a burden of proving it. The government was required to prove only that the substance was crack cocaine. With Goodman's agreement by way of stipulation, the government did prove that the substance was crack cocaine.

With respect to counsel's effectiveness at sentencing, there is no basis for finding that trial counsel's performance was deficient or that Goodman suffered any prejudice as a result of counsel's conduct. The drug quantity was established by the introduction of the chemical analysis report. The defendant's sentence was calculated on the basis of the quantity ascribed in the report which the defendant agreed was correct. Counsel cannot be considered ineffective for failing to pursue an unmeritorious

claim devoid of any factual or legal foundation.  Had defense counsel persisted in his initial objection to the quantity of the crack cocaine referred to in the pre-sentence report, the outcome would not have been different.  Therefore, Goodman's claim of ineffectiveness of counsel is meritless.

## Conclusion

The defendant has not presented any meritorious ground for vacating, setting aside or correcting his sentence.  Therefore, his motion pursuant to 28 U.S.C. §2255 will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 02-643-01** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMAL GOODMAN** | : | **CIVIL ACTION NO. 07-5489** |

### ORDER

**AND NOW**, this 5th day of February, 2009, upon consideration of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Document No. 137), the government's response, and after a thorough review of the record, it is **ORDERED** that the motion is **DENIED**.

**IT IS FURTHER ORDERED** that there is no probable cause to issue a certificate of appealability.

_____
TIMOTHY J. SAVAGE,  J.